IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LENEICE DIVINITY**                                                                                              **PLAINTIFF**

v.                                                                                        CIVIL ACTION NO. 3:24-cv-00522-LGI

**BRIDGEFIELD CASUALTY INSURANCE COMPANY**
**and SUMMIT CONSULTING, LLC**                                                         **DEFENDANTS**

**ORDER**

This matter is before the Court on multiple outstanding motions. First, Plaintiff, proceeding *pro se*, has filed a Motion for Reconsideration [15] of the Court's Order [14] on Motion to Amend/Correct Case Caption. Defendant Summit filed a Response in Opposition [16].

Next, Defendant Bridgefield has filed a *Motion to Limit Initial Disclosures Pursuant to Rule 26(b)(2)(C)* [17] and supporting Memorandum [18]. Plaintiff filed a Response in Opposition [22].

Third, Defendants Bridgefield and Summit have filed a Motion to Stay Proceedings [33]. Plaintiff has not filed a response. Finally, Defendants have filed a *Motion to Amend Case Management Order to Extend Defendants' Expert Deadline* [43]. Plaintiff filed a Response in Opposition [46].[1] These matters are now ripe for the Court's review.

**I.      Plaintiff's Motion for Reconsideration [15]**

On September 27, 2024, Defendant Summit filed a Motion to Amend/Correct Case Caption [7]. In its motion, Summit contended that Plaintiff incorrectly named Defendant Summit as Summit Holdings and requested an order directing the Clerk to amend the case caption to correct its name to Summit Consulting, LLC. Doc. [7]. Plaintiff opposed the motion, asserting she had not

---

[1] On April 23, 2025, counsel for Defendants advised this Court that they "will not file a rebuttal brief and will rest on their motion and memorandum in support." [Doc. 43]. Email from Jonathan Barnes to Isaac's Chambers.

been in contact with Summit Consulting, LLC and was not familiar with the company. Doc. [11]. This Court entered an Order [14] on November 11, 2024 granting Summit's motion.

On November 15, 2024, Plaintiff filed the Motion for Reconsideration [15], in which she urges the Court to reconsider its Order [14] and allow Defendant Summit's name to remain as Summit Holdings. Doc. [15] at 2. Plaintiff asserts that Summit Holdings is the correct name because the adjuster that denied her workers' compensation benefits, which is at issue in this civil action, works for Summit Holdings, and Summit has admitted it does business under the name Summit Holdings. Doc. [15] at 1. Plaintiff also contends that Summit Holdings is the company who directly committed the wrongdoings she alleges. Doc. [15] at 2. Finally, Plaintiff avers that Summit has the option to join Summit Consulting, LLC as a party to the action. *Id.*

In its Response in Opposition [16], Summit incorporates the arguments it made in its Motion to Amend/Correct [7] and Reply [10]. Thus, Summit reasserts that Summit Consulting, LLC is the correct name because "'Summit Holdings' is not an active registered entity with the State of Florida," there is no "Summit Holdings" registered with the State of Florida that has the address Plaintiff alleged in her Complaint, and the address that Plaintiff did allege in her Complaint is actually the address of Summit Consulting, LLC. Doc. [10]. Summit also contends that the doctrine of misnomer supports its request to change its name to Summit Consulting, LLC. Doc. [16] at 2.

As Summit explained, it "does business under" the name Summit Holdings, thus making Summit Holdings a trade name for Summit Consulting, LLC, which is Summit's registered name. Further, pursuant to Summit's argument in its Reply [10], there is no registered entity in the State of Florida under the name "Summit Holdings." Therefore, in granting Summit's Motion to

Amend/Correct [7], this Court did not alter or affect the parties to the suit, but merely allowed for clarification of which legal entity is a party to the suit because both names refer to the same entity.

As Summit argues, the misnomer doctrine, "allows parties to correct party-name errors if doing so would not result in prejudice." *Berkley v. Midfirst Bank*, No. 3:15-CV-110-SA-SAA, 2015 WL 4897778, at *1 (N.D. Miss. Aug. 17, 2015) (citing *Scaggs v. GPCH-GP, Inc.*, 23 So. 3d 1080,1083 (Miss. 2009). There is no prejudice where "a party has appeared and defended or otherwise submitted itself to the jurisdiction of the court." *Id.* Here, Because Summit has submitted itself to the jurisdiction of this Court and Plaintiff failed to show any prejudice prior to or resulting from the amendment of Summit's name, the Court denies Plaintiff's Motion for Reconsideration [15].

## II. Defendant Bridgefield's Motion to Limit Initial Disclosures [17]

On November 15, 2024, Defendant Bridgefield filed a Motion to Limit Initial Disclosures Pursuant to Rule 26(b)(2)(C) [17] and supporting memorandum [18]. Bridgefield requests an order limiting its Rule 26(a) initial disclosures to not include production of Bridgefield's reinsurance agreement, because Bridgefield is "self-insured and could otherwise satisfy a judgment of [$4,707,449]." Doc. [18] at 1. Bridgefield further asserts that it should not be required to produce its reinsurance agreement for three reasons: (1) production would not fit the purpose the rule promotes; (2) Bridgefield's relationships with reinsurers are sensitive, proprietary business matters; and (3) the reinsurance agreement is not relevant to the parties' claims or defenses. Doc. [18] at 2-3. Based on these three reasons, Bridgefield contends that its burden in producing the reinsurance agreement outweighs the benefit. Doc. [18] at 3.

Plaintiff filed a Response in Opposition [22] and supporting memorandum [23], in which she asserts that the reinsurance agreement is relevant to her bad faith claim, because it may provide

information regarding the insurer's decision to deny coverage. Doc. [23] at 2. Additionally, Plaintiff asserts that the reinsurance agreement is "needed to understand the full extent of potential compensation available…" Doc. [23] at 1.

Under Rule 26(a)(1)(A)(iv) of the Federal Rules of Civil Procedure, a party must provide in its initial disclosures "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1)(A)(iv). Bridgefield admits that it has a reinsurance agreement that falls within the scope of Rule 26(a)(1)(A)(iv), but asserts it should not be required to produce it because Bridgefield is capable of satisfying the full judgment itself and the insurance agreement would reveal sensitive information. Doc. [18] at 2. That Bridgefield is self-insured and could satisfy the full amount of damages sought by Plaintiff is not a sufficient reason to excuse disclosure of Bridgefield's reinsurance agreement. Rule 26(a)(1)(A)(iv) requires parties to produce "any insurance agreement that could possibly apply to require the insurance business—however unlikely it may be—to satisfy all or part of a possible judgment in a case." *Regalado v. Techtronic Industries North America, Inc.*, No. 3:13-CV-4267-L, 2015 WL 10818616, at *2 (N.D. Tex. Feb. 24, 2015). Further, Bridgefield's contention that the reinsurance agreement is not relevant to the parties' claims or defenses is not persuasive as "Rule 26(a)(1)(A)(iv)'s production requirement . . . is absolute, and does not require a showing of relevance, and is not satisfied by production of a declaration pages." *Id.* (citations omitted).

In regard to reinsurance agreements specifically, courts have found that such agreements are properly included in Rule 26(a) initial disclosures in bad faith claims. *See Lamar Advertising Co. v. Zurich American Ins. Co.*, No. CV 18-1060-JWD-RLB, 2020 WL 448243, at *10 (M.D. La. Jan. 28, 2020) ("The Court agrees with [plaintiff] that [defendant insurance company] was required

4

to produce its reinsurance agreements as part of its initial disclosures under Rule 26(a)(1)(A)(iv)."); *First Horizon Nat'l Corp. v. Certain Underwriters at Lloyd's*, No. 211CV02608SHMDKV, 2013 WL 11090763, at *8 (W.D. Tenn. Feb. 27, 2013) ("[T]he reinsurance agreement itself should have already been produced in initial disclosures because reinsurance agreements are 'insurance agreements' under Rule 26(a)(1)(A)(iv).").

While the court in *Cummins, Inc. v. Ace Am. Ins. Co.* found that the production of reinsurance agreements was not necessary as part of Rule 26(a) initial disclosures, the court did not find that such agreements fall outside the scope of Rule 26(a)(1)(A)(iv). *Cummins, Inc. v. Ace Am. Ins. Co.*, No. 1:09-CV-738-JMS-DML, 2011 WL 130158 (S.D. Ind. Jan. 14, 2011). Rather, the *Cummins* court found, under the specific facts of the case, that the burden of producing the insurance agreements outweighed the prospective benefit of their production. *Id.* Notably, in reaching its decision, the court cited no authority for the contention that the insurance company's ability to pay and the sensitive nature of the contractual relationship made the burdens of production outweigh the benefit. *See id.*

Therefore, because Bridgefield has not shown that its reinsurance agreement is outside the scope of Rule 26(a)(1)(A)(iv)'s initial disclosures or that the burden of production would outweigh the benefit, Bridgefield is required to produce it, and its Motion to Limit Initial Disclosures [17] is denied.

### III. Defendants' Motion to Stay Proceedings [33]

On February 4, 2025, Defendants Bridgefield and Summit filed a Motion to Stay Proceedings [33], in which Defendants request that the Court enter an order staying the Case Management Order and deadlines therein pending the Court's ruling on Defendants' Motion for Summary Judgment [31]. Doc. [33] at 1. Defendants contend that a stay of proceedings is

warranted because the only discovery that has occurred is Plaintiff and Bridgefield's limited and narrow requests for admission and because further discovery would be inefficient and unnecessarily expensive. Doc. [33] at 2-3. Plaintiff did not file a response to Defendant's motion.

Because Defendants' request for a stay of proceedings is premised on their outstanding Motion for Summary Judgment [31], as opposed to a pending decision from another court or administration that would affect these proceedings, the Court is reluctant to grant a stay of all proceedings. *See Watta v. Greyhound Lines, Inc.*, No. CIV. A. 94-798, 1995 WL 59551, at *1 (E.D. La. Feb. 10, 1995) (the court issued a stay of proceedings based on an involuntary bankruptcy petition that was filed against the defendant by a creditor); *Willis v. City of Hattiesburg*, No. 2:14CV89-KS-MTP, 2015 WL 13651763, at *6 (S.D. Miss. Jan. 30, 2015) (granting a stay of proceedings pending the termination of the state court criminal appeals of the plaintiffs); *Fiorentino v. Nelson*, No. 1:23-CV-00126-BWR, 2024 WL 4744053, at *2 (S.D. Miss. Oct. 28, 2024) (granting stay of proceedings pending resolution of plaintiff's underlying criminal charges).

However, the Court finds that a stay of discovery pending resolution of Defendants' Motion for Summary Judgment is appropriate. Because "[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined," and Defendants have filed a Motion for Summary Judgment [31] that challenges the threshold issue of Plaintiff's entitlement to the workers' compensation benefits at issue, a stay of discovery pending judgment on the motion would prevent unnecessary expenses. *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Further, "where discovery would not be useful to the resolution of a pending summary judgment motion presenting a question of law, it is not an abuse of discretion to grant such a motion." *Sapp v. Memorial Hermann Healthcare Sys.*, 406 F. App'x 866, 870 (5th Cir. 2010). Here, because the resolution of Defendants' Motion for Summary Judgment

[31] depends solely on Plaintiff's establishment of an entitlement to the denied benefits, further discovery would not aid the resolution of the motion, and a stay of discovery is warranted. Thus, Defendants' uncontested Motion [33] is granted in part and denied in part. Discovery shall be stayed pending resolution of Defendants' Motion [31] for Summary Judgment. The Court declines to the stay the case in its entirety.

## IV.     Defendants' Motion to Amend Case Management Order [43]

On April 16, 2025, Defendants Bridgefield and Summit filed a Motion to Amend Case Management Order [43], in which Defendants request that the Court enter an order amending the Case Management Order to extend their expert deadline by thirty days after the Court rules on the pending Motion for Summary Judgment [31]. Doc. [43] at 1. Defendants assert the requested extension is warranted, and they submit it would be inefficient and unnecessarily expensive to designate the experts and proceed with expert discovery while the threshold issue raised in the Motion for Summary Judgment remains pending. *Id.* at 3.

In accordance with the Court's analysis in Section III, the Court likewise finds that the requested relief is warranted. Thus, Defendants' Motion to Amend [43] is hereby granted. Defendants shall have thirty days after resolution of the pending Motion for Summary Judgment [31] to designate expert witnesses.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion for Reconsideration [15] is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Limit Initial Disclosures Pursuant to Rule 26(b)(2)(C) [17] is DENIED. Defendant is ordered to produce the reinsurance agreements at issue on or before May 5, 2025.

IT IS FURTHER ORDERED that Defendant's Motion to Stay Proceedings [33] is GRANTED IN PART and DENIED IN PART. Discovery is hereby stayed until the Court rules on the pending Motion for Summary Judgment and lifts the stay on discovery. The instant stay does not apply to Defendants' obligation to produce the reinsurance agreements at issue. As directed above, Defendant should produce said agreements on or before May 8, 2025.

IT IS FURTHER ORDER that Defendants' Motion to Amend Case Management Order to Extend Defendants' Expert Deadline [43] is GRANTED.

Clerk of Court is directed to mail a copy of the filed order to *pro se* Plaintiff Leneice Divinity.

**SO ORDERED** this the 28th day of April, 2025.

/s/LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE