IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LENEICE DIVINITY**                                                                                     **PLAINTIFF**

v.                                                              CIVIL ACTION NO. 3:24-cv-00522-LGI

**BRIDGEFIELD CASUALTY INSURANCE COMPANY, et al.**                    **DEFENDANTS**

**ORDER**

Before the Court is Defendants' Motion for Summary Judgment [31]. On February 4, 2025, Defendants Bridgefield Casualty Insurance Company and Summit Consulting, LLC filed the instant Motion [31]. On February 11, 2025, Plaintiff Leneice Divinity, proceeding *pro se*, filed her Response in Opposition [37]. Defendants did not file a rebuttal, and they rest on their Motion [31]. The Court finds that this matter is ripe for ruling.

The Court, having considered the arguments, submissions of the parties, and the relevant law, finds that Defendants' Motion for Summary Judgment [31] should be granted, as discussed below.

**I.      Relevant Facts and Procedural History**

On April 3, 2014, Plaintiff Leneice Divinity was injured at work while attempting to break up a fight between students. Doc. [1] at 5, Complaint; Doc. [31-1], Mississippi Workers' Compensation Commission[1]'s Order of the Administrative Judge, dated June 23, 2021. On September 28, 2015, Plaintiff filed a petition with the workers' compensation commission, alleging work-related injuries. Doc. [32] at 3; Doc. [31-1] at 5. Plaintiff's employer, Hinds County School District, and its workers' compensation administrator, Defendant Bridgefield Casualty

---

[1] Also referred to throughout as MWCC.

Insurance Company ("Bridgefield"), accepted compensability of her claim but contested the nature and extent of her alleged injuries. Doc. [32] at 3; [31-1] at 5. The Administrative Law Judge ("ALJ") ordered Bridgefield to pay weekly Temporary Total Disability ("TTD") payments, until Plaintiff reached maximum medical improvement ("MMI") or stopped seeing her doctors. *Id.* at 4. As a result of her injuries, Plaintiff saw various healthcare providers, underwent surgery, and received other medical benefits over a period of six years. Doc. [1]; [32]. According to Defendants, Plaintiff reached MMI for her back on January 6, 2017, for her right lower extremity on July 18, 2017, and for her psychological condition on February 13, 2020. Doc. [32] at 4. (Citation omitted). On or about April 9, 2020, Defendants ceased the TTD payments. Doc. [32] at 4; *see also* Notices of Suspension, [31-4], [31-5].[2]

On November 6, 2020, the ALJ held a hearing on the merits. [32] at 5. On June 23, 2021, the ALJ rendered a decision as to each of Plaintiff's claims, ultimately finding that Plaintiff was entitled to: 1) TTD benefits at the weekly rate of $454.42, from February 12, 2015 through March 22, 2019; 2) permanent partial disability benefits for 8.75 weeks from July 18, 2017 at a rate of $454.42 per week; 3) all medical services and supplies required by the nature of her injury and process of recovery; and 4) a 10% penalty on any untimely paid installments of compensation. [31-1] at 36-37. On December 9, 2021, the ALJ granted the Employer/Carrier's motion contesting the reasonableness of future medical treatment; he found that the Employer/Carrier was no longer required to pay for or reimburse the Plaintiff for certain prescriptions or for other similar medications used to treat muscle spasms, such as muscle relaxers. *Id.* at 42-43, MWCC's Order on Motion for Future Medical Treatment. Plaintiff sought a review hearing as to the ALJ's

---

[2] Defendants submitted two notices of suspension. On April 17, 2020, the first notice listed the reason that compensation was suspended as "suspension, RTW, or medically determined." Doc. [31-4]. A second notice of suspension, submitted on June 24, 2021, stated compensation was suspended because, "Claimant reached maximum medical improvement." Doc. [31-5].

2

December 9 decision. [31-1] at 45. On January 10, 2022, the Commission dismissed Plaintiff's Petition for Review without prejudice and remanded the cause to the ALJ, noting that there were outstanding issues for disposal. [31-1] at 4-48. On May 11, 2022, Plaintiff filed a motion to compel disability benefits, which the ALJ construed as a motion to reinstate a claim after the Plaintiff failed to appeal. *Id.* at 50-51. On May 16, 2022, the ALJ denied Plaintiff's motion to compel, specifically noting that "[Plaintiff's] motion raises no new issues of documentary evidence that were not considered during the pendency of [her] claim. [Plaintiff] makes no allegation of a change in conditions or circumstances in her claim, nor does she allege a mistake in a determination of fact in the merit order issued on June 23, 2021." *Id.* at 55. The ALJ declined to reopen the claim. *Id.* at 54-55. On May 26, 2022, Plaintiff filed a request seeking Full Commission Review of the ALJ's May 16, 2022 decision. *Id.* at 57. On December 13, 2022, MWCC entered a Full Commission Order affirming the ALJ's June 23, 2021 Order. *Id.* at 59.

On December 22, 2022, the Plaintiff appealed the Commission's order to the Mississippi Supreme Court. *See* Notice of Appeal to the Mississippi Supreme Court, [31-1] at 61. On January 23, 2024, the Mississippi Court of Appeals affirmed the findings of the ALJ and the full Commission. *See Divinity v. Hinds Cnty. Sch. Dist.*, 378 So. 3d 994, 1007 (Miss. Ct. App. 2024).

On September 4, 2024, Plaintiff filed the instant action in this Court, alleging the Defendants acted in bad faith by denying full payments "without an arguable legitimate reason and with malice/gross negligence in disregard for [her] rights." [1] at 5. Specifically, Plaintiff alleges: 1) Defendants stopped paying TTD benefits without a legitimate or arguable reason other than to force a settlement; 2) Defendants willfully, intentionally and maliciously denied medical benefits for a wanton reason; 3) Defendants willfully, intentionally and maliciously misrepresented the facts of her work-related injuries as a means of not paying the full value of her claim; and 4)

3

Defendants presented malicious and frivolous evidence to the Court of Appeals for the purpose of wrongfully withholding medical benefits and awarded disability payments. Doc. [1], Complaint at 5-7.

Defendants now move for summary judgment, challenging the bad faith allegations raised in Plaintiff's Complaint.

## II.     Standard

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir.2002); *S.E.C v. Recile*, 10 F.3d 1093, 1097 (5th Cir.1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh

the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

**III.     Argument**

    *a. Bad Faith Claims*

Defendants move for summary judgment, pursuant to Rule 56(a), asserting that Plaintiff cannot establish any of her bad faith claims. They argue Plaintiff's bad faith denial claims fail, because neither the ALJ, nor the full Commission, nor the Mississippi Court of Appeals determined that she was entitled to the benefits sought and also because she cannot demonstrate that her medical benefits were denied for a wanton reason. Doc. [32] at 8-9. Rather, they contend, the ALJ, Commission and Mississippi Court of Appeals all determined that she was not entitled to the benefits she claims were denied in bad faith. *Id.*

Defendants argue that neither of the two specific denial events relied upon by Plaintiff support her claim. *Id.* at 8. First, they contend Plaintiff's argument that Defendants stopped making TTD payments without reasonable basis fails, because the ALJ's orders relieved them of making TTD payments once Plaintiff reached MMI and, that the orders also found that Plaintiff was only entitled to benefits between February 12, 2015 and March 22, 2019. *Id.* Next, they argue Plaintiff has not met her burden of proof to establish which TTD payments were not made or that the Commission determined she was entitled to said missing payments. *Id.* Finally, Defendants argue Plaintiff is precluded from raising this issue with this Court. *Id.* They say Plaintiff already raised the issue with the Mississippi Court of Appeals, and because that court held that the "Employer and Carrier [Bridgefield] made their necessary payments[,]" she cannot maintain a claim for those same payments. *Id.* at 9 (citing *Divinity*, 378 So. 3d 994, 1007).[3]

---

[3] *See also id.* (Mississippi Court of Appeals further noted, "Divinity never filed any motion before the Commission requesting penalties for any payments that were not timely made. Nothing in the record addresses what payments, if any, were untimely made.").

5

As to denial for a wanton reason, Defendants assert their denial of medical benefits was in line with the ALJ's December 9, 2021 order and holding "that Defendants were no longer required to pay for or reimburse [Plaintiff] for several prescriptions . . . [and that] they would be . . . immediately relieved from the obligation to pay. . . ." *Id.* (Citation omitted) (internal quotation marks omitted). Defendants contend the letter they sent to Plaintiff's pain specialist, on December 14, 2021, denying future medical payment for Plaintiff's muscle relaxers, injections, physical therapy, and spinal cord stimulator, was in accordance with the ALJ's ruling and not sent in bad faith. *Id.* Thus, they argue Plaintiff was not entitled to the benefits and that the allegation of denial for a wanton reason also fails, entitling them to judgment as a matter of law on the bad faith claims.

    b. *Misrepresentation Claims*

In her Complaint, Plaintiff alleges Defendants misrepresented the facts of her work-related injuries to avoid paying the full value of her claim. [1] at 5. She points to four specific instances, alleging fraudulent misrepresentation by Defendants. First, she alleges on April 20, 2020 Defendants' adjuster filed a Notice of Suspension "f[r]adulently writing 'Suspension, RTW, or Medically Determined: Employee returned to work." *Id.* Second, she claims, on June 24, 2021, "defendants' adjustor and lawyer . . . both filed paperwork with WC Commission with this statement 'Claimant reached maximum medical improvement' masking over their untruthful assertions of [her] returning to work." *Id.* Plaintiff alleges Defendants "filed the paperwork to conceal their willful, malicious, intentional fraudulent wrongdoings of lying about [her] return to work and having no arguable reason to stop awarded TTD weekly payments." *Id.* Third, she says that on September 21, 2021, Defendants' lawyer included language in his motion contesting the reasonableness of future medical treatment, "Claimant sustained a compensation injury to her right knee and lower extremity [on] April 3, 2014." *Id.* She accuses the lawyer of "add[ing] this

fraudulent 'lower extremity' injury and with willful malice left out [her] work-related low back injury involving [her] L4/L5 spinal column[,] which is the basis for [her] permanent total disability." *Id.* She claims Defendants' legal counsel "deceitfully" omitted this information in order to "pay less in necessary medical benefits and not pay awarded temporary/permanent total disability for a total of four hundred fifty (450) weeks. *Id.* Finally, Plaintiff claims the lawyer for Defendant Bridgefield presented malicious and frivolous evidence to the Mississippi Court of Appeals, for the purpose of wrongfully withholding medical benefit and disability payments. *Id.* at 7.

Defendants move for summary judgment on all four of the fraudulent misrepresentation claims. [32] at 10-13. They submit that all claims must fail as a matter of law, because Plaintiff has not alleged and cannot show that she relied on any of the alleged misrepresentations. *Id.* at 11. They assert "a plaintiff's reliance on a misrepresentation is a required element for a fraudulent misrepresentation claim." *Id.* (citing *Illinois Cent. R. Co. v. Harried*, 681 F. Supp. 2d 772, 777 (S.D. Miss. 2009) (quoting *Holland v. Peoples Bank & Trust Co.*, 3 So. 3d 94, 100 (Miss. 2008)) (stating that "as evidence of fraudulent misrepresentation, the plaintiff must show his 'reliance on [the] truth' of the defendant's statement or representation as one element of the fraudulent misrepresentation claim") (citation omitted). Defendants say Plaintiff does not allege that she relied on a false representation. *Id.* at 11. Rather, they contend Plaintiff alleges that Defendants made false representations to the ALJ, the Commission, and the Mississippi Court of Appeals and that others relied on the alleged representations. *Id.* "Because Plaintiff does not allege and cannot prove her own reliance on Defendants' alleged misrepresentations, or even that the alleged misrepresentations were made to her, [Defendants argue] Plaintiff's claims fail as a matter of law." *Id.* (citing *Hopson v. Chase Home Fin. LLC*, 14 F. Supp. 3d 774, 793 (S.D. Miss. 2014) (granting

summary judgment where plaintiffs did not allege, "nor could they reasonably do so," that alleged misrepresentations were made to plaintiffs or that plaintiffs relied on the alleged misrepresentations), *aff'd sub nom. Hopson v. Chase Home Fin., L.L.C.*, 605 F. App'x 267 (5th Cir. 2015).

Defendants point out that the April 20, 2020 Notice of Suspension was submitted to the Commission, not the Plaintiff; that the June 24, 2021 paperwork stating that Plaintiff had reached MMI was also filed with the Commission; that the September 21, 2021 statement was made to the ALJ in a motion contesting reasonableness; and that the May 30, 2023 statements were filed in Defendants' answer brief to the Mississippi Court of Appeals. *Id.* at 12-13. Defendants urge this Court to grant summary judgment, because Plaintiff cannot prove reliance on any of the alleged misrepresentations.

Further, Defendants also believe they are entitled to summary judgment as to the alleged misrepresentations made on April 20, 2020 and June 24, 2021. *Id.* at 10. They argue these two claims are barred by the three-year statute of limitations. *Id.* They note that Plaintiff knew or should have known of each alleged representation at the time they were made. *Id.* Since Plaintiff filed the lawsuit on September 2, 2024, her claims regarding misrepresentations on April 20, 2020 and June 24, 2021 are now time-barred.

Plaintiff files a Motion to Deny Defendants' Motion for Summary Judgment [37], which this Court construes as a response in opposition to the instant motion. In her one-page response, Plaintiff provides four reasons this Court should deny the motion. *Id.* First, Plaintiff argues Defendants' Motion [32] is based on assumption that no evidence exists establishing Defendants' obligation to pay benefits. [37] at 1. Second, Plaintiff asserts the instant motion is premature, as the discovery deadline had not expired when this dispositive motion was filed. *Id.* Third, Plaintiff

8

points to a June 24, 2016 order from the Commission, asserting there was an obligation that Defendants pay her TTD benefits beginning April 1, 2016. *Id.* Finally, she argues her pending motion to "reinstate the correct name of the defendant to Summit Holdings" makes Defendants motion premature. *Id.* Plaintiff does not address either of Defendants arguments substantively.

**IV.     Analysis**

We now examine Divinity's bad faith and intentional tort claims and explain why a juridical barrier stands between her and any recovery. Plaintiff accuses Defendants of suspending TTD benefits, denying medical benefits, and misrepresenting the facts of her work-related injuries in order to deprive her of benefits. According to Defendants, the ALJ, the Commission and the Mississippi Court of Appeals all determined that Divinity was not entitled to the benefits she now claims she was denied in bad faith.

The Mississippi Workers' Compensation Act provides that statutory compensation is the exclusive remedy available to an employee who suffers an injury on the job:

> [T]he liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee . . . or otherwise from such employer on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee . . . may elect to claim compensation under this chapter, or to maintain an action at law for damages on account of such injury or death. . . .

Miss. Code Ann. § 71-3-9 (West). This statute bars an employee's common law tort action against his employer's insurance carrier based on a negligent failure to pay workers' compensation benefits. *Whitehead v. Zurich Am. Ins. Co.*, 348 F.3d 478, 481 (5th Cir. 2003) (citing *Taylor v. United States Fid. & Guar. Co.,* 420 So.2d 564, 566 (Miss.1982)). It does not, however, prevent the employee's action against the carrier "for the commission of an intentional tort" independent of the compensable injury. *Id.* (quoting *Southern Farm Bureau Cas. Ins. v. Holland,* 469 So.2d 55, 59 (Miss.1984). In particular, the employee can sue the carrier for bad faith refusal to pay benefits

9

owed because such a claim arises not from the work-related injury but from an independent act that is not compensable under the Workers Compensation Act. *Id*. (Citation omitted).

The Mississippi Supreme Court, however, has required the exhaustion of the administrative remedy process before an intentional tort claim against a carrier can be brought. *Id.* (Citing *Walls v. Franklin Corp.,* 797 So.2d 973, 977 (Miss.2001) (en banc). In *Walls,* the court held that an employee cannot allege that a carrier has refused to pay for certain medical services and supplies in bad faith in the absence of a determination by the Commission that those services and supplies were reasonable and necessary. *Id.* The *Walls* court examined the earlier Mississippi Supreme Court cases dealing with viable bad faith claims and determined that, although in those cases the court did not require exhaustion of administrative remedies, it appears that exhaustion was either not an issue or the plaintiffs had exhausted their administrative remedies prior to bringing the bad faith suit. *Id.* (Citing *Walls* at 975–76) (discussing *Leathers v. Aetna Cas. & Sur. Co.,* 500 So.2d 451 (Miss.1986); *McCain v. Northwestern Nat'l Ins. Co.,* 484 So.2d 1001 (Miss.1986); *Luckett v. Mississippi Wood Inc.,* 481 So.2d 288 (Miss.1985); *Holland,* 469 So.2d at 55)). Ultimately in *Walls,* the Mississippi Supreme Court reinstated the trial court opinion which held that "'exhaustion of the administrative remedial process is a mandatory condition precedent to the maintaining of a "bad faith" suit for an allegedly wrongful denial of any workers['] compensation benefits.'" *Whitehead*, 348 F.3d at 481 (quoting *Walls* and the judgment of the Chickasaw County Circuit Court) (emphasis removed).

In *Whitehead*, the Fifth Circuit reiterated that the decision in *Walls* requires that the Mississippi Workers' Compensation Commission make a determination as to whether a plaintiff's claimed benefits are reasonable and necessary before he can commence a civil action for denial of benefits. *Id.* at 481-482. Based on this precedent, Defendants argue Plaintiff cannot maintain her

case against them. Here, it is clear that Divinity exhausted her administrative remedies before the Commission and prior to appealing her MWCC claim to the Mississippi Court of Appeals. The issue is whether she can maintain a civil case based on allegations that Defendants acted in bad faith when they stopped paying TTD benefits, denied medical benefits and allegedly misrepresented facts of her work-related injuries.

Under Mississippi law, one may "not maintain a bad faith action for refusal to pay for disputed medical services and supplies absent the Commission's prior determination that those services and supplies were reasonable and necessary." *Walls* at 977 (Miss.2001). *See also Day–Brite Lighting Div., Emerson Elect. Co. v. Cummings,* 419 So.2d 211, 212–13 (Miss.1982); *Morris v. Adventist Health Ctr.,* 2008 U.S. Dist. LEXIS 9247 (S.D. Miss. Jan. 23, 2008). The MWCC record reveals that the ALJ terminated the Employer/Carrier's obligation to pay TTD benefits after March 22, 2019 – the date at which Plaintiff reached MMI. The record also shows the ALJ granted Defendants' motion contesting the reasonableness of future medical treatment. Specifically, the ALJ determined the Employer/Carrier was no longer required to pay for or reimburse the Plaintiff for prescriptions or similar medications used to treat muscle spasms. After the Plaintiff challenged the ALJ's findings and sought review of his decision, the Full Commission affirmed the ALJ's rulings. Upon appeal of the Commissions' affirmation of the ALJ, the Mississippi Court of Appeals – after extensive review of the MWCC's records – affirmed the Commission's decision.[4] Thus, Plaintiff's allegations of bad faith cannot stand, as there has been no finding by the Mississippi Workers' Compensation Commission that the disputed medical services and supplies

---

[4] The Mississippi Court of Appeals entered a 15-page opinion, detailing the factual background of Plaintiff's underlying MWCC case, summarizing her medical records and the documents reviewed by the ALJ, and quoting excerpts from Plaintiff's hearing testimony, before concluding "substantial evidence supports the findings of the administrative judge's order and the full Commission . . . and we therefore affirm the Commission's order." *Divinity*, 378 So. 3d 994, 1006-1007. Further, the appellate court held, "there is no evidence that any payments made under that order were late. The Employer and Carrier made their necessary payments. Therefore, Divinity is not entitled to penalty payments." *Id.* at 1007.

were reasonable and necessary for compensability, which is an absolute prerequisite to filing a bad faith claim in Mississippi for a failure to pay benefits. *Miller v. OneBeacon Ins. Co.*, 2010 WL 5232422, at *3–4 (N.D. Miss. Dec. 16, 2010), aff'd, 430 F. App'x 298 (5th Cir. 2011). Accordingly, Plaintiffs' bad faith claims do not survive summary judgment.

"The same reasoning articulated by the Mississippi courts with respect to cases involving bad faith refusal applies to Plaintiff's fraud/misrepresentation claim, in that fraud is an intentional tort that arises from the common law." *Sutton v. Parrett Trucking, LLC*, 2009 WL 3617533, at *3 (N.D. Miss. Oct. 28, 2009) (citing on *S. Farm Bureau Cas. Ins. Co. v. Holland*, 469 So. 2d 55, 58-59 (Miss. 1984) (independent acts not compensable under the workers' compensation statute may be pursued as intentional torts) (citation omitted). The Court instead looks to the elements of a claim of fraudulent misrepresentation under Mississippi law, which requires that a plaintiff show "(1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) his reliance on its truth, (8) his right to rely thereon, and (9) his consequent and proximate injury." *Oliver v. Food Giant Supermarkets, Inc.*, 2012 WL 3580683, at *4 (N.D. Miss. Aug. 17, 2012) (quoting *Koury v. Ready*, 911 So. 2d 441, 445 (Miss. 2005) (citation omitted)).

As to the alleged misrepresentation, this Court is not convinced that Defendants misrepresented the facts of Plaintiff's work-related injuries to avoid payment, as Plaintiff claims. The ALJ's orders, the Commission's decision affirming the ALJ, and the Court of Appeals opinion all clearly demonstrate that the record relied upon by the ALJ and the Commission was replete with evidence supporting the decision to terminate the TTD payments and medical benefits. Therefore, the Court rejects Plaintiff's claim that the Defendants misrepresented facts in bad faith.

Furthermore, to the extent that Plaintiff alleges fraudulent misrepresentation – as it relates to statements made by Defendants to the MWCC in the notices of suspension (dated April 20, 2020 and June 24, 2021), in their motion contesting reasonableness of future medical treatment, and in their response to Plaintiff's appeal to the Mississippi Court of Appeals – this Court also finds no evidence to satisfy any alleged fraudulent misrepresentation.

As pointed out by Defendants, Plaintiff has not alleged that Defendants made statements or misrepresentations that she relied on. Rather, in her Complaint, she merely alleges the Defendants made false representations to the ALJ, the Commission and the Court of Appeals, and that these reviewing bodies relied upon the alleged misrepresentations when reaching decisions adverse to her. Moreover, she offers no evidence to show that she personally relied upon any alleged misrepresentations by Defendants. "To the extent Plaintiff is attempting to allege that [Defendants] made a fraudulent misrepresentation, such a claim must be pled with particularity." *Kirby v. Shelter Ins. Co.*, 2020 WL 886945, at *6 (S.D. Miss. Feb. 24, 2020) (citing Fed. R. Civ. P. 9(b)) and *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 524 (5th Cir. 1993) (dismissing claims for fraudulent misrepresentation with prejudice for failing to plead with particularity)). Noting the unsupported assertions in her Complaint and her bare response in opposition to the instant motion, this Court finds that Plaintiff has not pled this claim with particularity. It is apparent that Plaintiff is seeking to hold Defendants liable for the decisions of others. Accordingly, Plaintiff's claims of fraudulent misrepresentation cannot survive summary judgment.

Having reviewed the record as a whole and based on the above analysis, the Court finds the evidence reveals no genuine dispute regarding any material fact. Defendants are entitled to summary judgment as a matter of law. Plaintiff's Complaint [1] and all claims therein are hereby dismissed with prejudice.

IT IS, THEREFORE, ORDERED *Defendants' Motion for Summary Judgment* [31] is hereby GRANTED. A final judgment in accordance with this opinion shall be entered.

**SO ORDERED** this the 30th day of September, 2025.

/s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE